ELLIS, Judge.
Henry Jackson, Jr., and Althea Jackson* are attempting to recover damages for the-death of their minor son, Henry Jackson,. Jr., who drowned while swimming in a barrow pit on July 5, 1961. The unfortunate incident occurred in a pit adjacent to Beechwood Subdivision which had been dug in connection with the development of' the subdivision.
The defendants are three in number,, namely, Beechwood, Inc., the owner of the subdivision; Leach Associates, Inc., the prime contractor; and Trinity Universal Insurance Company, the insurer of the other two corporate defendants.
From a judgment of dismissal, plaintiffs have prosecuted this appeal.
At the time the accident occurred Henry was swimming with three companions. Having entered the shallow water, the four boys soon decided to swim across the pit, a distance of approximately 200 feet. Three- *733 of the boys arrived safely at the opposite shore and one of them saw Henry go under the water. There was no cry for help, no thrashing about, and his companions ■ believed him to be swimming underwater. When he did not appear after a reasonable period, unsuccessful attempts were made to locate him. Ultimately the body was recovered by the authorities.
There is no evidence in the record to suggest the cause of the accident. Henry was only two weeks away from his seventeenth birthday, a good swimmer and an athlete. The pit contained no hidden or concealed dangers. At the time of the accident approximately fifteen other persons, children and adults, were enjoying a swim in this particular pit.
Unquestionably, the pit was allowed to exist by the corporate defendants in clear violation of a city ordinance which requires that such excavations be refilled, or, in the alternative, that a suitable fence be maintained. While there is evidence that several “Keep Out” signs were posted in 1960 and again soon after the accident, the overwhelming weight of evidence establishes that there were no such signs posted on the day of the accident.
The corporate defendants had knowledge that the pit had been used for swimming. Mr. Kelly Parino, the construction superintendent, testified that he had, on a dozen occasions, stopped people from swimming in the pit during the subdivision development period.
Plaintiffs base their demands for recovery on the contention that the violation of the ordinance is negligence per se and that this negligence was the proximate cause of this accident.
In the case of Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298, Justice Sanders found that the driver of a truck who failed to display red signals had violated the safety statute requiring such display. Consequently, the violation was negligence per se. However, the Court went on to find that the negligence “was a substantial factor in bringing about the collision, or a cause-in-fact” and was, therefore, actionable.
Judge Hood, citing the Dixie case with approval, used the following language at page 267 of Moses v. Mosley, La.App., 146 So.2d 263:
“We think the jurisprudence is established to the effect that where a statute is enacted to protect the class of persons in which the plaintiff is included against the type of loss or injury which in fact has been sustained, an unexcused violation of such a statute is ‘negligence per se,’ and this negligence is actionable if it is a legal or proximate cause of the accident.” (citations omitted)
It is thus well established in our law that the unexcused violation of a safety statute or ordinance constitutes negligence per se. There can be no doubt but that the defendants were guilty of negligence in this case. However, we must agree with the trial judge who, in written reasons for judgment, stated that he knew of “no authorities which hold that failure to comply with the provisions of the ordinance constitutes actionable negligence and may of itself be held to be a proximate cause of the accident in question.”
In our opinion, the violation of the safety ordinance was not the proximate or legal cause of the injury complained of.
In Dixie, at page 304 of 137 So.2d the court observed that:
“The essence of the present inquiry is whether the risk and harm encountered by the plaintiff fall within the scope of protection of the statute. It is a hazard problem.”
The ordinance was intended to guard against concealed or hidden hazards which so frequently exist in excavations of this nature. Likewise, it protects against the *734 hazard of children of tender years who may fall or venture into the pit. However, the •ordinance does not make a landowner an insurer, nor does it protect against the hazard that a trespasser capable of looking after his own safety and an excellent swimmer will intentionally use the artificial lake and drown therein.
Had the youth died as a result of any hidden or concealed defect in the pit or because the existence of the pit was unknown to him, then the violation of the ordinance would have constituted actionable negligence, for those would have been types of hazards the statute sought to guard against, even as to a trespasser.
The doctrine of attractive nuisance is not applicable in the instant case in view ■of the fact that the deceased was capable of appreciating the ordinary inherent danger ■of swimming (McKenna v. City of Shreveport, 16 La.App. 234, 133 So. 524) and that there were no hidden or concealed dangers in the pit which caused the accident. Slaughter v. Gravity Drainage District No. 4, La.App., 145 So.2d 50.
Affirmed.